IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| AMY NEWTON,<br>individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MISSION CARE OF ILLINOIS, LLC,<br><br>　　　　　　　Defendant. | Case No. 3:22-cv-2442<br><br>Removed from the State of Illinois,<br>Circuit Court of St. Clair County,<br>Case No. 22 LA 0783 |

## NOTICE OF REMOVAL

Defendant, Mission Care of Illinois, LLC ("Mission Care" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of the Twentieth Judicial Circuit, County of St. Clair, to the United States District Court for the Southern District of Illinois. This removal is based on jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. In support of its Notice of Removal, Mission Care states the following:

### *The State Court Action*

1.　On September 8, 2022, Plaintiff Amy Newton ("Plaintiff") filed a putative class action complaint ("Complaint") in the St. Clair County Circuit Court, captioned *Amy Newton, individually and on behalf of all others similarly situated v. Mission Care of Illinois, LLC*, Case No. 22 LA 0783 (the "Action"). The Complaint alleges that Defendant violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in six different ways. (*See* Exhibit 1, Complaint at ¶¶ 78, 79, 87, 88.)

2. Defendant was served with a copy of the Summons and the Complaint on September 20, 2022. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. § 1446(b), a true and correct copy of all process, pleadings, and orders served upon Defendant, including a copy of the Summons, Complaint, and Motion for Class Certification and Request for Discovery on Certification Issues, is attached as **Exhibit 1**. No other processes, pleadings, or orders have been served on Defendant in this matter.

3. This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4. Plaintiff alleges that she brings this Complaint on behalf of a proposed class of "[a]ll persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period." (the "Class"). (Ex. 1, Compl., ¶ 72.) Plaintiff asserts that "upon information and belief, there are in excess of forty potential class members." (*Id.*, ¶ 73.) In the Motion for Class Certification, Plaintiff asserts that she "seeks to certify a class consisting of several hundred or more individuals." (Ex. 1, Mot. for Class Certification, at 1.)

5. Plaintiff alleges that Defendant violated his rights and the rights of the Class under BIPA by:

- Failing to publicly provide a publicly-available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store in violation of 740 ILCS 14/15(a);

- Failing to adhere to a publicly-available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store in violation of 740 ILCS 14/15(a);

- Failing to inform Plaintiff and the Class in writing that their biometrics were being collected and stored, prior to such

- collection or storage, in violation of 740 ILCS 14/15(b)(1);
- Failing to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, in violation of 740 ILCS 14/15(b)(2);
- Failing to inform Plaintiff and the Class in writing of the specific length of time their biometrics were being captured, collected, stored, and used, in violation of 740 ILCS 14/15(b)(2); and
- Failing to obtain written releases from Plaintiff and the Class in violation of 740 ILCS 14/15(b)(3).

(Ex. 1, Compl., ¶¶ 78, 79, 87, 88.)

6. Plaintiff seeks class certification; a declaration that Defendant violated BIPA; a declaration that Defendant's actions were intentional or reckless, or negligent; liquidated monetary damages on behalf of herself and the Class for each time Defendant violated BIPA; injunctive relief; reasonable attorneys' fees and costs; and pre- and post-judgment interest. (*Id.*, Prayer for Relief.)

### *Venue*

7. Because the Circuit Court of St. Clair County lies in the Southern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(c), 1441(a), and 1446(a).

8. As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

### *CAFA Jurisdiction*

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

9. Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

10. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

11. Here, numerous members of the putative Class of plaintiffs and Defendant are citizens of different states, and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.

12. Plaintiff is a citizen of Illinois. (*Id.* at ¶ 4; **Exhibit 2**, Declaration of Jennifer Buckner ("Buckner Decl.") at ¶ 5.)

13. Mission Care is a limited liability company whose sole member is Mission Care Services LLC. Mission Care Services LLC's sole member is American Medical Response, Inc., a corporation incorporated in Delaware and with its principal place of business in Greenwood Village, Colorado. Therefore, Mission Care is a citizen of Delaware and Colorado. (Ex. 2, Buckner Decl., ¶ 4.)

14. Thus, diversity for purposes of CAFA is satisfied because Plaintiff is a citizen of Illinois, and Defendant is a citizen of Delaware and Colorado.

15. Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

16.     The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that employees were required to scan their fingerprints each time they clocked in and clocked out of work. (*See* Ex. 1, Compl., ¶¶ 34, 35.) While Defendant denies that its timeclock system(s) captured the biometrics of Plaintiff or the Class alleged in the Complaint, within the state of Illinois, approximately 475 employees may have enrolled in a timeclock system that scanned a portion of the employee's fingertip since September 8, 2017. (Ex. 2, Buckner Decl., ¶ 6.) Accordingly, the putative class consists of more than 100 individuals.

17.     Though Plaintiff's Complaint is silent as to the total amount of damages claimed, her pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

18.     Plaintiff alleges Defendant owes $5,000 in statutory damages for each intentional and/or reckless violation of BIPA. (*See* Ex. 1, Compl., Prayer for Relief § D; 740 ILCS 14/20.) Approximately 475 Mission Care employees enrolled in the timeclock systems in the five years preceding Plaintiff's Complaint being filed. (Ex. 2, Buckner Decl., ¶ 6.) Plaintiff's Complaint alleges five BIPA violations per class member. (Ex. 1, Compl., ¶¶78, 79, 87, 88.) Accordingly, if Defendant is found to have willfully committed all six alleged violations of the BIPA with respect to each of the approximately 475 putative class members, the amount in controversy is $14,250,000, exclusive of attorneys' fees.

19.     While Defendant denies the validity and merit of all of Plaintiff's claims and denies her requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

20. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

### Compliance With Procedural Requirements

21. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the Complaint on September 20, 2022.

22. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Amy Newton, as required by 28 U.S.C. § 1446(d), through her attorneys, Brandon Wise, Paul Lesko, and Adam Florek of Peiffer Wolf Carr Kane Conway & Wise, LLP, 818 Lafayette Avenue, Floor 2, St. Louis, Missouri 63104.

23. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of St. Clair County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of St. Clair County, as required by 28 U.S.C. § 1446(d).

24. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Mission Care of Illinois, LLC hereby removes this Action from the Circuit Court of St. Clair County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: October 20, 2022                                         Respectfully Submitted,


                                                                /s/ Orly Henry

Orly Henry
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Jennifer Chierek Znosko
*jznosko@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant Mission Care of Illinois, LLC*

## CERTIFICATE OF SERVICE

I, Orly Henry, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via email on October 20, 2022:

Brandon Wise
*bwise@peifferwolf.com*
Paul Lesko
*plesko@peifferwolf.com*
Adam Florek
*aflorek@peifferwolf.com*
Peiffer Wolf Carr Kane Conway & Wise LLP
818 Lafayette Avenue, Floor 2
St. Louis, Missouri 63104

*/s/ Orly Henry*
One of Defendant's Attorneys