# SETTLEMENT AGREEMENT AND RELEASE

*Amy Newton v. Mission Care of Illinois, LLC*; Case No.: 3:22-cv-02442-SMY
US District Court, Southern District Of Illinois

This Settlement Agreement and Release ("Agreement" or "Settlement Agreement") is entered into by and between Plaintiff Amy Newton ("Plaintiff" or "Newton"), individually and on behalf of the Settlement Class, and Defendant Mission Care of Illinois, LLC ("Defendant"), in the case of *Amy Newton v. Mission Care of Illinois, LLC*, Case No. 3:22-cv-02442-SMY, currently pending in the US District Court, Southern District Of Illinois, (the "Litigation"). Plaintiff and Defendant are each referred to individually as "Party" and collectively as the "Parties."

## OVERVIEW OF SETTLEMENT TERMS

For reference, a general overview of the Settlement Terms are:

Class Definition:

> All individuals who worked for Mission Care or an affiliate in the State of Illinois and who enrolled in or used a fingertip scan timekeeping system in connection with their work for Mission Care or an affiliate from September 14, 2017 to the date of Preliminary Approval.

| | |
|---|---|
| Number of Class Members: | 499 |
| Settlement Fund Created: | $499,000.00 |
| Settlement Administrator: | Analytics, LLC |
| Time to Class List: | 14 Days from Preliminary Approval |
| Time to Effectuate Notice: | 28 Days from Preliminary Approval |
| Time to Object or File Exclusion: | 60 Days from Preliminary Approval |
| Time for Final Approval Papers: | 14 Days before Final Approval |
| Time for Final Hearing Date: | 100 from Preliminary Approval |

I.  **FACTUAL BACKGROUND AND RECITALS**

1. On September 14, 2022, Plaintiff Amy Newton filed the Class Action Complaint against Defendant in the Twentieth Judicial Circuit in St. Clair County, Illinois, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, and seeking injunctive relief for violations of BIPA individually and on behalf of others similarly situated. Shortly thereafter, Defendant removed the matter to the US District Court, Southern District of Illinois, Case No. 3:22-cv-02442-SMY.

2. On December 2, 2022, Defendant filed its Answer and Affirmative Defenses and proceeded to put the case on a litigation track. However, from the outset the Parties engaged in settlement disscissions to see if early resolution was a possibility in this matter.

3. On December 16, 2022, the Parties accelerated their settlement discussions and from December through May exchanged documents and information and negotiated a potential settlement of the Class's BIPA Claims. On June 2, 2023, the Parties reached a Settlement.

4. Following arms-length negotiations, the Parties negotiated a settlement by which the Parties agree to resolve all matters pertaining to, arising from, or associated with the Litigation, and as set forth herein, all claims Plaintiff and members of the Class she seeks to represent for purposes of the Settlement, have or may have had against the Defendant, its respective direct or indirect parents and subsidiaries, brands, owners, shareholders, directors, officers, agents, managers, employees, assignors, representatives, and all related and affiliated parent or subsidiary companies and divisions, through the date on which the Parties sign this Agreement. Defendant represents that no more than 499 of its employees in Illinois utilized the Timekeeping System at issue in this Litigation during the applicable time period, and Defendant recognizes that this representation, within a percentage defined below, is a material term of this Settlement Agreement.

5. The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

6. Defendant denies and continues to deny each and every allegation and all charges of wrongdoing or liability of any kind whatsoever that Plaintiff or members of the Settlement Class presently have asserted in this Litigation or may in the future assert. Despite Defendant's belief that it is not liable for and has good defenses to the claims alleged in the Litigation, Defendant desires to settle the Litigation and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and finally put to rest in this Settlement Agreement. Neither this Settlement Agreement,

        nor any negotiation or discussion thereof, is or may be deemed to be or may be used as an admission of or evidence of any wrongdoing or liability.

7. The Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing (a) the existence of complex and contested issues of law and fact; (b) the risks inherent in litigation; (c) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (d) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (e) the Plaintiff's determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

8. Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their best respective interests.

9. In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Defendant and the Releasees of the Released Claims, without costs as to Defendant, Releasees, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.   **DEFINITIONS**

The following terms, as used in this Agreement, have the following meanings:

10. "Administrative Expenses" shall mean expenses associated with the Settlement Administrator, including but not limited to costs in providing notice, communicating with the Settlement Class Members, and disbursing payments to the proposed Settlement Class Members. The Settlement Payment, as defined below, includes all Administrative Expenses.

11. "Timekeeping System" shall mean the timekeeping technology used by Mission Care of Illinois, LLC in Illinois at any time from September 14, 2017 to September 14, 2022, which utilized a scan of Plaintiff's and the other Settlement Class Members' fingertip for timekeeping purposes.

12. [Paragraph Intentionally Blank]

13. "Class," "Settlement Class," "Class Member," or "Settlement Class Member" shall mean each member of the Settlement Class, as defined in Section III of this Agreement, who does not validly elect to be excluded from the Settlement Class and includes, but is not limited to, Plaintiff.

14. "Class List" refers to the individuals making up the Settlement Class who are identified by name on Exhibit XX, attached, which is filed under seal.

15. "Class Counsel" shall mean Brandon M. Wise and Adam Florek of Peiffer Wolf Carr Kane Conway & Wise, LLP.

16. "Counsel" or "Counsel for the Parties" means both Class Counsel and Defendant's counsel, collectively.

17. "Court" shall mean the US District Court, Southern District Of Illinois with the Honorable Staci M. Yandle presiding, or any judge who shall succeed the Judge assigned to the Litigation.

18. [Paragraph Intentionally Blank]

19. "Defendant" shall mean Mission Care of Illinois, LLC

20. "Defendant's Counsel" shall mean Littler Mendelson, P.C.

21. "Effective Date" shall mean ten calendar days after the date when the Settlement Agreement becomes Final, as defined below.

22. "Fee and Expense Petition" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, costs, and expenses.

23. "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

24. "Final" means the Final Approval Order has been entered on the docket, and (a) the time to appeal from such order has expired and no appeal has been timely filed; (b) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or the Court, following the resolution of the appeal, enters a further order or orders approving the settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

25. "Final Approval Hearing" means the hearing before the Court where the Plaintiff will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award, and approving an Incentive Award to the

Class Representative. The date for the Final Approval Hearing shall be within approximately 100 days after entry of the Preliminary Approval Order.

26. "Final Approval Order" shall mean an order entered by the Court that:

   a. Certifies the Settlement Class pursuant to 735 ILCS 5/2-801;

   b. Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement;

   c. Dismisses the Plaintiff's claims pending before it with prejudice and without costs, except as explicitly provided for in this Agreement;

   d. Approves the Release provided in Section VII and orders that, as of the Effective Date, the Released Claims will be released as to the Releasees; and

   e. Finds that, pursuant to 735 ILCS 5/2-1301, there is no just reason for delay of entry of final judgment with respect to the foregoing.

27. "Incentive Award" shall have the meaning ascribed to it as set forth in Section XV of this Agreement.

28. "Litigation" shall mean the lawsuit titled *Amy Newton v. Mission Care of Illinois, LLC*, Case No.: Case No. 3:22-cv-02442-SMY, currently pending in the U.S. District Court, Southern District Of Illinois.

29. "Net Settlement Amount" shall mean the Settlement Payment, less Administrative Expenses, the Fee Award, and the Incentive Award.

30. "Notice" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Agreement and Exhibit A and is consistent with the requirements of Due Process.

31. "Objection/Exclusion Deadline" shall mean the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date approximately 60 days after the date on which Preliminary Approval is granted, or such other date as ordered by the Court.

32. "Parties" shall mean Plaintiff and Defendant, collectively.

33. "Plaintiff" or "Class Representative" shall mean the named class representative, Amy Newton.

34. "Preliminary Approval Order" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing Notice of the Settlement to the Settlement Class substantially in the form of the Notices set forth in this Agreement.

35. "Released Claims" shall mean any and all causes of actions or claims against Releasees whatsoever arising out of, relating to, or connected with the alleged capture, collection, storage, possession, transmission, disclosure, re-disclosure, dissemination, protection, conversion and/or use of data collected in connection with the finger-scan timekeeping system at Mission Care, including but not limited to causes of action or claims under BIPA or any related or similar statutes or common law. Released Claims also include without limitation all causes of action or claims that arise from, are connected or associated with, or are related to the claims (whether common law and/or statutory) that were or could have been asserted in the Litigation, regardless of whether such claims are known or unknown, filed or unfiled, asserted or as of yet unasserted, existing or contingent, whether in contract, tort, or otherwise, including statutory, common law, property, employment related, and any additional constitutional, common law, and/or statutory claims. For the avoidance of doubt, "Released Claims" includes any current or future claim that is based on the same or a series of related or repeated acts, errors or omissions, or from any continuing acts, errors or omissions, that were alleged in the Litigation.

36. "Releasees" shall mean Mission Care of Illinois, LLC and its affiliates, and any of their predecessors and successors and, in their capacities as such, all of their present, past, and future directors, officers, employees, representatives, attorneys, insurers, reinsurers, agents, vendors, and assigns, as well as all of these entities' affiliates, parent or controlling corporations, partners, divisions and subsidiaries.

37. "Releasors" shall refer, jointly and severally, and individually and collectively, to Plaintiff, the Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them. In no event does "Releasors" include individuals not on the Class List.

38. "Settlement Administrator" means, subject to Court approval, Analytics, LLC.

39. "Settlement Payment" means an amount up to a maximum of $499,000.00 in cash. In no event shall Defendant be required to pay more than this Settlement Payment amount under the terms of this Agreement.

III. **SETTLEMENT CLASS CERTIFICATION**

40. For the purposes of the Settlement only, the Parties stipulate and agree that (a) the Class shall be certified in accordance with the definition contained in Paragraph 41, below; (b) Plaintiff shall represent the Class for settlement purposes and shall be

the Class Representative; and (c) Plaintiff's Counsel shall be appointed as Class Counsel.

41. Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement Agreement, or if for any other reason Final Approval of the Settlement Agreement does not occur, is successfully objected to, or challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into.

42. Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

    All individuals who worked for Mission Care or an affiliate in the State of Illinois and who enrolled in or used a fingertip scan timekeeping system in connection with their work for Mission Care or an affiliate from September 14, 2017 to the date the Preliminary Approval Order is entered.

43. Excluded from the Settlement Class are all persons who validly elect to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

44. If for any reason the Settlement Agreement is not granted Preliminary and/or Final Approval, Defendant's agreement to certification of the Settlement Class shall not be used for any purpose, including but not limited to in any request for class certification in the Litigation or any other proceeding.

IV. **SETTLEMENT OF LITIGATION AND ALL CLAIMS AGAINST RELEASEES**

45. Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the Settlement Class, the Litigation and the Released Claims and any other claims that have been brought, could have been brought, or could be brought now or at any time in the future against the Releasees by the Releasors in the Litigation or in any other proceeding arising out of, in any matter related to, or in any matter connected in any way with the Released Claims.

V. **SETTLEMENT PAYMENT ALLOCATION**

46. **Settlement Payments.**

    a. The Settlement Payment shall be used to pay Settlement Class Members, the Fee Award, an Incentive Award to the Class Representative, and the Administration Expenses to the Settlement Administrator.

    b.    Within ten (10) days after the Effective Date, Defendant or their insurers shall pay to the Settlement Administrator the Settlement Payment to satisfy the payments in Paragraph 45(a). Provided that Final Approval of this Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Payment will be used to satisfy payments to Settlement Class Members in exchange for a full, fair, and complete release of all Releasees from Released Claims, and dismissal of the Litigation with prejudice.

    c.    The funds provided by Defendant to the Settlement Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Payment pursuant to Section 1.468B-1, *et seq.*, of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

    d.    The Settlement Payment represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contributions to the Settlement Payment shall be fixed under this Section and final. Defendant and the other Releasees shall have no obligation to make further payments into the Settlement Payment and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Payment.

    e.    The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the amount of the Settlement Payment.

47.    A Settlement Class Member who does not validly exclude himself or herself is entitled to payment of an equal share of the Net Settlement Amount. The Parties anticipate that each Settlement Class Member will be eligible for a settlement payment worth approximately $599.00 after deducting fees and costs.

48.    Any checks disbursed to Settlement Class Members from the Settlement Payment that are uncashed for any reason within 150 days after their date of issuance shall be deemed void and will not be re-issued for any reason. Any uncashed check funds shall be paid to a *cy pres* recipient to be mutually agreed upon by the Parties.

49.    **Procedure for Approving Settlement.**

    a.    Plaintiff will file an unopposed motion for an order conditionally certifying the Class, giving Preliminary Approval to the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice and Claim Form (the "Unopposed Motion for Preliminary Approval").

    b.    At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed order granting conditional certification of the Class and preliminary approval of the Settlement Agreement; appointing the Class Representative and Class Counsel; approving the Claim Form and the forms of Notice to the Class of the Settlement; and setting the Final Approval Hearing.

    c.    For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the definition and on the terms contained above, that Plaintiff shall be conditionally appointed Class Representative, and that Plaintiff's Counsel shall be conditionally appointed as Class Counsel. Should the Court decline to preliminarily approve any aspect of the Settlement Agreement, the Parties will attempt to renegotiate those aspects of the Settlement Agreement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement Agreement as possible, and will then submit the renegotiated settlement agreement to the Court for preliminary approval. If and only if the Parties are unable to obtain preliminary approval of a settlement agreement after submitting at least two renegotiated settlements to the Court, the Settlement Agreement will be null and void, and the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Litigation as if the Settlement had not occurred.

## VI. RELEASE

50.    In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims.

51.    As of the Effective Date, and with the approval of the Court, all Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against Releasees. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Releasees asserting any and/or all Released Claims.

52.    Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

## VII. PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

53. This Settlement Agreement shall be subject to approval of the Court. As set forth in Section XIV, Defendant shall have the right to withdraw from the Settlement Agreement if the Court does not approve the material aspects of the Agreement.

54. Plaintiff, through Class Counsel, shall submit this Agreement, together with its exhibits, to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, substantially in the form of Exhibit B, which order shall seek a Final Approval Hearing date and approve the Notice for dissemination in accordance with the Notice Plan.

55. At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing within approximately 100 days of entry of the Preliminary Approval Order and approve the settlement of the Litigation as set forth herein.

56. At least fourteen (14) days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for: (a) final approval of the Settlement Agreement; (b) final appointment of the Class Representative and Class Counsel; and (c) final certification of the Settlement Class, including for the entry of a Final Order and Judgment, and file a memorandum in support of the motion for final approval.

## VIII. NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS

57. Class List

    a. Defendant shall create and submit a Class List to the Settlement Administrator based on readily available information already within its possession ("Class List").

    b. The Class List shall include the names, phone numbers, last known mailing addresses, and email address of potential Settlement Class Members, to the extent such information is available. Defendant shall provide the Class List within fourteen (14) days after entry of the Preliminary Approval Order.

58. Type of Notice Required

    a. The Notice, which shall be substantially in the form of Exhibit A attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement, and to further inform Settlement Class Members how they may: (i) submit a copy of the Claim Form; (ii) protect their rights regarding the settlement; (iii) request exclusion from the Settlement Class and the

        proposed settlement, if desired; (iv) object to any aspect of the proposed settlement, if desired; and (v) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the settlement on all persons who do not timely request exclusion from the Settlement Class.

    b.    Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the form attached as Exhibit A hereto.

    c.    Within twenty-eight (28) days of the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall send individual notice via first class U.S. Mail (substantially in the form of Exhibit A). Prior to the mailing, the Settlement Administrator shall run the Class Members' addresses through the U.S. Postal Service's National Change of Address database and mail the Notice using the most current mailing address information. If a Notice is returned as undeliverable with a forwarding address, the Settlement Administrator shall resend by first class mail the Notice to that forwarding address. If a mailing address is not available or if a Notice is returned as undeliverable without a forwarding address, the Settlement Administrator shall send the Notice via email, if available. If Notice to a forwarding address is undeliverable and the email Notice is returned as undelivered or unavailable, the Settlement Administrator shall use a "skip-trace" or similar search to attempt to locate a current address for the Settlement Class Member and send the Notice to the address so found.

## IX.   EXCLUSIONS

59.   Exclusion Period

    a.    Settlement Class Members will have up to and including sixty (60) days from the entry of Preliminary Approval to exclude themselves from the settlement in accordance with this Section. If the Settlement Agreement is finally approved by the Court, all Settlement Class Members who have not opted out by the end of the Objection/Exclusion Deadline will be bound by the Agreement and will be deemed a Releasor as defined herein, and the relief provided by the Agreement will be their sole and exclusive remedy for the claims alleged by the Settlement Class. Further, the Settlement Payment shall be reduced by $1,000.00 for each individual who validly excludes themselves from the Settlement Class.

60.   Exclusion Process

    a.    A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline.

  b.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

  c.  Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any order or the Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the Settlement Agreement.

  d.  The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

  e.  Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class. Counsel will have a period of time no less than thirty (30) days to object to claims submitted for reasons including but not limited to: late submissions, insufficient information, or attestation by claimants, and indicia of fraud.

  f.  A list reflecting all individuals who timely and validly excluded themselves from the settlement shall also be filed with the Court at the time of the motion for Final Approval of the Settlement.

## X. OBJECTIONS

61. The Notices shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (a) file copies of such papers he/she proposed to submit at the Final Approval Hearing with the Clerk of the Court; and (b) send copies of such papers via United States mail, hand delivery, or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection

must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, Claim Forms, and any other communication relating to this settlement.

62. Any Settlement Class Member who intends to object to this Settlement Agreement must include in any such objection: (a) his/her full name, address, and current telephone number; (b) the case name and number of this Litigation; (c) the date range during which he/she was employed by Defendant; (d) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (e) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last five years; and (f) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

63. Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Settlement Agreement, shall not be permitted to object to the approval of the Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Agreement or its terms by appeal or other means.

## XI.  FINAL APPROVAL HEARING

64. The Parties will jointly request that the Court hold a Final Approval Hearing within approximately 100 days after the Preliminary Approval Order is entered. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to 735 ILCS § 5/2-801 for settlement and, if so, (a) consider any properly-filed objections; (b) determine whether the Settlement Agreement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connection therewith; and (c) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, and a Fee Award.

## XII.  FINAL APPROVAL ORDER

65. The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions, or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waiving any rights of appeal.

66. The Parties shall jointly submit to the Court a proposed order, substantially in the form attached hereto as Exhibit C, that without limitation:

    a. Approves finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of 735 ILCS 5/2-801 and directing its consummation according to its terms; and

    b. Dismisses, with prejudice, all claims of the Settlement Class against Defendant in the Litigation, without costs and fees except as explicitly provided for in this Agreement.

67. Class Counsel shall use their best efforts to assist Defendant in obtaining dismissal with prejudice of the Litigation and take all steps necessary and appropriate to otherwise effectuate all aspects of this Agreement.

## XIII. TERMINATION OF THE SETTLEMENT

68. The settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments, or modifications are agreed to in writing between the Parties). All Exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, any Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

    a. A material alteration by the Court of any of the terms of this Settlement Agreement to which the Parties have not agreed in writing;

    b. The Court refuses to grant Preliminary Approval of this Agreement even after the renegotiation process described in Paragraph 48(c) of this Agreement;

    c. The reversal or substantial modification of the Court's order granting preliminary or final approval;

    d. The Court refuses to grant final approval of this Agreement in any material respect; or

    e. The Court refuses to enter a final judgment in the Litigation in any material respect.

69. If, before the Final Approval Hearing, persons who otherwise would be members of the Settlement Class have validly requested exclusion from the Settlement Class in accordance with Paragraph XX of this Agreement, the provisions of the Preliminary Approval Order, and the Notice given pursuant thereto, and such

14

persons in the aggregate constitute more than five percent (5%) of the Settlement Class, Defendant shall have, in its sole and absolute discretion, the option to terminate and cancel this Settlement Agreement by giving written notice to Class Counsel.

## XIV. ATTORNEYS' FEES, COSTS, AND EXPENSES AND INCENTIVE AWARD

70. No later than fourteen (14) days prior to the date of the Final Approval Hearing, Class Counsel will move the Court for an award of attorneys' fees not to exceed 35% of the Settlement Payment, or $174,650.00. Defendant will not oppose such a request, and Plaintiff's Counsel will not seek/accept a higher fee award, and will accept any lower award ordered by the Court. Class Counsel shall move, in the same papers, for reimbursement of the costs of litigation.

71. Notwithstanding any contrary provision of this Agreement, and subject to Paragraph 76 of this Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

72. Class Counsel shall provide the Settlement Administrator with its completed W-9 before the payment of the Fee Award is due. Within 14 days after the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Payment the amount awarded by the Court in the Fee Award. Any payment of the Fee Award shall be paid via electronic wire transfer to an account designated by Class Counsel.

73. Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for an Incentive Award of $5,000.00 for the Class Representative. The Incentive Award(s) shall be paid solely from the Settlement Payment by check written by the Settlement Administrator within 14 days of the Effective Date and delivered to Class Counsel.

74. In no event will Defendant's liability for attorneys' fees, expenses, and costs, Administrative Expenses, and/or an Incentive Award exceed the funding obligations set out in this Agreement. Defendant shall have no financial responsibility for this Settlement Agreement outside of the Settlement Payment. Defendant shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. Defendant will have no responsibility, obligation, or liability for allocation of fees and expenses among Class Counsel.

## XV. MISCELLANEOUS REPRESENTATIONS

75. The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

76. The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate in good faith to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

77. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Releasees, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

78. The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

79. Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

80. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

81. This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

82. This Agreement may not be amended, modified, altered, or otherwise changed in any material manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

83. The Parties agree that Exhibits A through D to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

84. The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

85. Except as otherwise provided herein, each Party shall bear its own costs.

86. Plaintiff represents and warrants that she has not assigned any claim or right or interest therein as against the Releasees to any other person or party.

87. The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

88. The Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Illinois Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not, except in accordance with Paragraph 90 of this Agreement, (a) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (b) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

89. The Parties also agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

90. Except in accordance with Paragraph 90 of this Agreement, this Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto shall be inadmissible as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the settlement contemplated by it, nor any proceedings taken under it, will be construed

or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

91. The provisions of this Settlement Agreement, and any orders, pleadings, or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (a) to enforce the terms and provisions hereof or thereof, (b) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (c) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (d) in connection with any motion to enjoin, stay, or dismiss any other action, or (e) to obtain Court approval of the Settlement Agreement.

92. This Agreement may be executed in one or more counterparts exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Agreement all exchange signed counterparts.

93. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Releasees.

94. This Agreement shall be governed by and construed in accordance with the laws of the state of Illinois.

95. This Agreement is deemed to have been prepared by counsel for all Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement and its Exhibits, it shall not be construed more strictly against one Party than another.

96. Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

| If to Class Counsel: | If to Defendant's Counsel: |
|---|---|
| Brandon M. Wise<br>Adam Florek<br>Peiffer Wolf Carr Kane Conway & Wise, LLP<br>818 Lafayette Ave., Floor 2<br>St. Louis, Missouri 63104<br>314.833.4285<br>bwise@peifferwolf.com<br>aflorek@peifferwolf.com | Orly Henry<br>Littler Mendelson, P.C.<br>321 N. Clark Street, Suite 1100<br>Chicago, Illinois 60654<br>312.372.5520<br>ohenry@littler.com |

97. This Agreement shall be deemed fully executed as of the date that the last party signatory signs the Agreement.

In witness hereof, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

Dated: _____, 2023        CLASS REPRESENTATIVE

 

_____
Plaintiff Amy Newton

Dated: _____, 2023        Peiffer Wolf Carr Kane Conway & Wise, LLP

By: _____
Brandon M. Wise, Partner
Plaintiff's Counsel

Dated: _____, 2023        MISSION CARE OF ILLINOIS, LLC

By: _____
Authorized Representative/Agent

Dated: _____, 2023        Littler Mendelson, P.C.

By: _____
Orly Henry, Shareholder