THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Amy Newton,** *Individually and behalf of all other similarly situated.* | |
| Plaintiff, | Case No.: 3:22-cv-02442 |
| v. | Judge: Staci M. Yandle |
| **Mission Care of Illinois, LLC,** | |
| Defendant. | |

**Plaintiff's Motion and Memorandum in Support of Final Approval Of Class Action Settlement Pursuant to Federal Rule of Civil Procedure 23(e)**

Plaintiff Amy Newton ("Plaintiff"), individually and on behalf of the preliminarily approved class, respectfully moves the Court for Final Approval of the parties' class action settlement, in accordance with Federal Rule of Civil Procedure 23(e)'s procedures. In support of his Motion, Plaintiff states as follows:

**Introduction**

Amy Newton brought a putative class action on September 14, 2022, against Mission Care of Illinois, LLC ("Defendant"), asserting claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. § 14/1, et seq. Defendant denies these allegations, denies violation of any law, and denies all liability. The parties have reached a proposed settlement that provides all Class Members with the ability to receive a share of the proposed Settlement Fund. See Settlement Agreement And Release (the "Settlement Agreement"), attached hereto as Exhibit 1. The Settlement Agreement, which was preliminarily approved on August 30, 2023, provides significant relief to an estimated 498 individuals comprising the class and establishes a cash settlement fund in the amount of $498,000.00, from which Class Members who do not exclude themselves from the Class will be compensated.

Moreover, the Settlement Agreement, if finally approved, will bring certainty, closure, and significant and valuable relief for individuals to what otherwise would likely be contentious and costly litigation regarding Defendant's alleged unlawful collection, use, storage, and dissemination of individuals alleged biometric identifiers and/or biometric information.

Now that the Parties have effectuated notice, Ms. Newton seeks final approval of the Settlement, final certification of a class, appointment of class counsel, and entry of final judgment so that payments may be distributed to the Class. The Parties' settlement of this action is fair, reasonable, and adequate under the governing legal standards and satisfies all the criteria for final approval.

Class Members have been notified of the terms of the settlement, including the monetary relief, the allocation formula, and their right to object to or opt out of the settlement. Declaration of Due Diligence by Caroline P. Barazesh at ¶¶ 3-5, 8, Exhibit 2. ("Declaration of Caroline P. Barazesh"). On September 13, 2023, Defendant's Counsel provided Analytics with the Class List and on September 29, 2023, Analytics mailed the approved Class Notice to the most current mailing address of 498 Class Members, via USPS First Class Mail. Id. at ¶¶ 5, 8. Ultimately, 495 of the 498 Class Members (99.4%) received notice by mail or email. Id. at ¶ 14. As of filing, no Class Members opted out of the settlement or objected to the settlement. Declaration of Caroline P. Barazesh at ¶¶ 12-13. With such overwhelming support for the settlement and for the reasons stated below, the Court should grant final approval.

I.      **RELEVANT BACKGROUND**

On September 14, 2022, Plaintiff Amy Newton filed the Class Action Complaint against Defendant in the Twentieth Judicial Circuit in St. Clair County, Illinois, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq., and seeking

injunctive relief for violations of BIPA individually and on behalf of others similarly situated. In her Complaint, Ms. Newton alleges that Defendant utilized biometric timekeeping devices at its location in Illinois and that its employees used the devices when clocking into and out of work. Plaintiff alleged that Defendant failed to comply with BIPA by: (1) failing to inform individuals in writing that it will be capturing, collecting, storing, using, and disseminating biometric data (*i.e.*, statutorily-defined biometric identifiers and/or information) prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to publish a publicly available retention schedule and guidelines for permanently destroying biometric data. Shortly thereafter, Defendant removed the matter to the US District Court, Southern District of Illinois, Case No. 3:22-cv-02442-SMY.

On December 2, 2022, Defendant filed its Answer and Affirmative Defenses and proceeded to put the case on a litigation track. However, from the outset the Parties engaged in settlement disscissions to see if early resolution was a possibility in this matter. On December 16, 2022, the Parties accelerated their settlement discussions and from December through May exchanged documents and information and negotiated a potential settlement of the Class's BIPA Claims. On June 2, 2023, the Parties reached a Settlement.

Thereafter, the Parties negotiated additional terms and conditions related to Settlement, including the Notice Form provided to Class Members, the scope of the release, the Preliminary Approval Order, confidentiality, and settlement benefits. These extensive negotiations culminated in the Settlement Agreement for which the Parties now seek preliminary approval, attached hereto as Exhibit 1.

After the Settlement was reduced to writing the Plaintiff filed her Unopposed Motion and Memorandum in Support of Preliminary Approval Of Class Action Settlement Pursuant to Federal Rule of Civil Procedure 23(e) on August 14, 2023. Following review by the Court, the Court entered Preliminary Approval on August 30, 2023. On September 11, 2023, the Parties moved to Mail the requisite Class Action Fairness Act ("CAFA") Notices pursuant to 28 U.S.C. § 1715(e), which was granted the next day on September 12, 2023. CAFA Notices were mailed to the appropriate parties on September 15, 2023. Since that time, the Parties have worked in conjunction with the Settlement Administrator and are preparing to effectuate Notice to the Class.

On September 29, 2023, the Settlement Administrator mailed the Notices to the Class. Declaration of Caroline P. Barazesh ¶ 8. Now that notice has been effectuated and the Class Members have the opportunity object to the Settlement or opt out of the Agreement has been given to the Class, the Parties seek final approval of this class action settlement, and request that the Final Order and Judgment, attached hereto as Exhibit 4, be entered.

## II. THE PROPOSED SETTLEMENT

### A. The Class

The proposed Settlement would establish a Class defined as follows:

All individuals who worked for Mission Care or an affiliate in the State of Illinois and who enrolled in or used a fingertip scan timekeeping system in connection with their work for Mission Care or an affiliate from September 14, 2017 to the date of Preliminary Approval.

Exhibit 1, ¶ 42. The Parties estimated that the size of the Class is approximately 498 individuals at the time of settlement. Id., at ¶ 4. Upon final review, the Class is comprised of 498 individuals, 495 of which received Notice. Declaration of Caroline P. Barazesh ¶ 11.

### B. The Settlement Fund

The proposed Settlement will establish a Settlement Fund of $498,000.00. Exhibit 1, ¶ 39. Each Class Member who does not timely and properly opt out will receive an equal share of the Settlement Fund, after first deducting approved amounts for notice and administration costs, attorneys' fees and costs, and an incentive award to Plaintiff from the Settlement Fund. Id. at § V. Any unclaimed or undistributed amounts from the Settlement Fund (including checks disbursed to Class Members that are uncashed after 150 days of issuance, for any reason) will be paid to a *cy pres* recipient to be mutually agreed upon by the Parties. Id., at ¶ 47.

      **C.**    **Service Payment to Named Plaintiff, Attorneys' Fees, and Litigation and Administration Costs**

As set forth in the Settlement Agreement, Ex. 1, § XIV, Plaintiff concurrently seeks final approval of an Incentive Award of $2,500.00 for Plaintiff. Additionally, as explained below, Plaintiff's Counsel concurrently seeks approval of an award of attorneys' fees of $174,300.00, and litigation costs of approximately $3,000.00. See, Plaintiff's Unopposed October 27, 2023, Petition and Memorandum in Support of Final Approval of Plaintiff's Incentive Award and Payment of Attorneys' Fees and Costs, (Dkt. No: 35). The Parties agree that these sums are fair and reasonable in light of all the facts and circumstances, including the time spent by Class Counsel, the risks undertaken, and the results achieved.

      **D.**    **Final Settlement Administration**

The claims at issue in this litigation primarily consist of Defendant's alleged violations of BIPA with respect to a group of individuals alleged to be Defendant's employees. Payment of each Class Member's share will be made by check issued by the Settlement Administrator.

      **E.**    **Release**

In exchange for the relief described above, the Class Members will provide Defendant and the Releasees a full release of all "Released Claims," generally including claims, arising out of,

related to, or connected with the alleged capture, collection, storage, possession, transmission, conversion, disclosure, and/or other use of biometric identifiers and/or biometric information in connection with Defendant's alleged biometric time tracking system or time clock.  Exhibit 1, § VII.

### III.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

"Federal courts naturally favor the settlement of class action litigation."  Isby v. Bayh, 75 F.3d 1191, 1196 (7th Cir. 1996).  Here, the Court preliminary approved the parties' settlement on August 30, 2023. (Dkt. No. 31).  Plaintiffs now request that the Court grant final approval of the Settlement Agreement, the final step for approval of a class action settlement.

#### A.    The Settlement Procedure has Complied With Due Process

When the court reviews a proposed class action settlement, its "consideration [is limited to] whether the proposed settlement is lawful, fair, reasonable, and adequate."  Isby, 75 F.3d at 1196–97.  It must "refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights[.]" Id. (quoting E.E.O.C. v. Hiram Walker & Sons, Inc., 768 F.2d 884, 889 (7th Cir. 1985)).  The well-defined class action settlement procedure includes three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

See Fed. R. Civ. P. 23(e); see also Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 11.22 et seq. (4th ed. 2002).  This process safeguards Class Members' procedural due process

rights and enables the Court to fulfill its role as guardian of Class interests. With this motion, Plaintiff requests that the Court take the final step – granting final approval of the Settlement Agreement, entering an Order granting Final Judgment, and ordering the distribution of the Settlement Fund.

By way of comparison, this settlement is comparable to other settlements for alleged violations of Illinois Biometric Information Privacy Act cases. See Steven Horn v. Method Products, PBC., Eighteenth Judicial Circuit, DuPage County, Case No: 2022-LA-00403, (On December 5, 2022, the court finally approved a BIPA Class Action Settlement of $148,000.00 for 148 individuals and, *inter alia*, awarded 40% attorney's fees); see Jacob Weeks v. Tricon Industries Manufacturing & Equipment Sales, Inc., Thirteenth Judicial Circuit, LaSalle County, Case No: 2021-L-0032 (on June 27, 2022, the Court finally approved a BIPA Class Action Settlement of $75,120.00 for 117 individuals and, *inter alia*, awarded 40% attorney's fees); see Yvonne Wilhite v. Sun Baskets, Inc., Twentieth Judicial Circuit, Monroe County, Case No: 2020-L-0030 (on September 27, 2021, the Court finally approved a BIPA Class Action Settlement of $250,000.00 for 1,154 individuals and, *inter alia*, awarded 35% attorney's fees).

### B.     Approval Is Appropriate Under Rule 23(e)(2)

The approval of a class action settlement is governed by Federal Rule of Civil Procedure 23 whereby a Court may approve a settlement if it finds "it is fair, reasonable, and adequate" and it considers whether the class's "representatives and class counsel have adequately represented the class"; the agreement was negotiated at arm's length; the relief provided is adequate; and the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23 (e)(2).

There is a strong presumption that a class action settlement meets this standard when it is the result of arms-length negotiations. Great Neck Capital Appreciation Inc. Partnership, L.P. v.

PricewaterhouseCoopers, LLP, 212 F.R.D. 400, 410 (W.D. Wis. 2002); see also, Newberg on Class Actions § 11.41 at 1188 (3d ed. 1992). The Settlement Agreement here is the result of lengthy, vigorous, and, at times, heated negotiations between Counsel for the Parties. Counsel for Plaintiff and for Defendant are experienced and thoroughly familiar with the factual and legal issues presented.

Starting with a presumption in favor of approving the settlement, the Court then should consider five factors in determining the "fairness" of a class action settlement. When considering the fairness of a settlement, the court must weigh:

> 'the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement.'

Synfuel Techs., Inc. v. DHL Express (USA), Inc., 463 F.3d 646, 653 (7th Cir. 2006) (quoting Isby, 75 F.3d at 1199).

### 1. The Strength of the Plaintiff's Case on the Merits

Throughout this litigation, Plaintiff has focused on claims all arising from alleged violation of an Illinois specific statute – BIPA. The litigation, like many other BIPA cases had many outstanding legal issues including, *inter alia*, accrual and the prevailing statute of limitations which were resolved by the Illinois Supreme Court last term.

Class Counsel believes strongly in the merits of this action. This includes the belief that Plaintiff and Class Members had their biometric identifiers and biometric information captured in violation of Illinois law. However, the ambiguity surrounding the statute of limitations and claim accrual timeline created novel legal issues which have permeated all BIPA cases. The significance of these issues and the potential for further proceedings on other novel legal issues rendered

recovery in this case uncertain during the settlement negotiations, and, if there is a recovery after all legal issues pertaining to BIPA were settled law, greatly delay the timing of any such recovery. This Settlement Agreement provides meaningful relief to the 498 members of the Class without the risk or delay of continued litigation or adverse appellate rulings.

      2.  *The Complexity, Length, Expense, and Risk of Continued Litigation*

  The instant lawsuit is, as with many class actions, moderately complex. The lawsuit is premised on a violation of BIPA arising from the alleged imposition and use of a biometric-based timeclock. If this matter were to have continued in the normal course of proceedings, it is likely that Defendant would have moved for this matter to remain stayed pending the numerous appeals currently pending before the Illinois Supreme Court. Second, regardless of the outcome of the cases before the Illinois Supreme Court, there would still be an outstanding factual question of whether Plaintiff's Biometrics were actually collected or if the collection was of a mathematical representation outside of BIPA's purview. This issue would necessarily require exhaustive expert review of the electronically stored information as well as how that information could potentially be used, all to prepare the case for trial. These issues would also wholly ignore any other affirmative defenses Defendant might muster ahead of trial.

  In contrast, because of the timing of this early settlement, Plaintiff and Class Members will receive a substantial monetary benefit soon, without the risk of further litigation, adverse appellate rulings, legislative changes to the statute, or other risks associated with continued litigation. This factor supports final approval here.

      3.  *The Absence of Collusion.*

  The settlement between the Parties was the result of serious, prolonged and at various points contentious negotiations between experienced counsel. While there was no formal

discovery performed in this matter, there was detailed information exchange during the course of settlement negotiations on material aspects of this case, including class size, the timeclocks at issue, and Defendant's BIPA practices. The Settlement Agreement was reached as the product of hard-fought negotiations, and memorialization and finalization of the terms of the Settlement Agreement were also subject to multiple rounds of negotiation between Class Counsel and Defendant's Counsel. As such, this factor weighs in favor of final approval, too.

        4.    *Adequacy of Representation and the Opinion of Competent Counsel as to the Reasonableness of the Settlement.*

Rule 23 requires that the class representative and class counsel have provided adequate representation to the class and focuses on class counsel's and the class representative's performance as it relates to the "conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e), Advisory Committee's Note to 2018 Amendment.

Class Counsel and the Class Representative pursued this case vigorously on behalf of the potential class. The interests of the Class Representatives have remained aligned with the Class. Class Counsel has consistently devoted time and resources to advancing this matter and negotiating a settlement which will add value to each and every individual Class Member. Class Counsel believes the settlement to be fair and reasonable in light of the procedural and substantive risks Plaintiff and Class Members would face if litigation were to continue. Class Counsel believes that this settlement provides meaningful relief to the Class Members. While the Settlement does not provide for maximum recovery it does guardrail against the threats posed by continued litigation and adverse appellate rulings ensuring that each member of the Class has an opportunity to participate in the Settlement and receive compensation. This Settlement was reached relatively early in the litigation and, importantly, avoids unnecessary risks while securing a settlement value that is in line with or above many other BIPA settlements.

Moreover, courts are "entitled to rely heavily on the opinion of competent counsel." Gautreaux v. Pierce, 690 F.2d 616, 634 (7th Cir. 1982) (quoting Armstrong v. Bd. of Sch. Dirs. of Milwaukee, 616 F.2d 305, 325 (7th Cir. 1980)).  Class Counsel are competent and experienced in class actions and are familiar with the strengths and weaknesses of the claims and defenses.  See Peiffer Wolf Carr Kane Conway & Wise, LLC Firm Resume, Attached as Exhibit 3.  Using that litigation experience and their intimate knowledge of the facts of the case and the legal issues facing the Class Members, Class Counsel were capable of making, and did make, well informed judgments about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the settlement reached. Defendant's counsel also endorses this settlement. This factor therefore weighs in favor of final approval.

The Court need not rule on a completely blank slate as to the fairness, reasonableness, and adequacy of the instant Settlement.  In addition to the cases discussed above, in Sekura v. L.A. Tan Enterprises, Inc., No. 2015-CH-16694 (Cir. Ct. Cook Cnty., Ill. 2016), the BIPA class settlement resulted in each class member being eligible to receive a *pro rata* share of a settlement fund that would have amounted to approximately $40 per person if each class member had submitted a valid claim.  In Carroll v. Crème de la Crème, Inc., No. 2017-CH-01624 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement resulted in each class member being eligible to enroll in credit and identity monitoring services free of charge without further monetary relief.  In Taylor v. Sunrise Senior Living Mgmt., Inc., 2017-CH-15152 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement resulted in class members receiving a gross amount of $115 or $40 depending on whether the claim accrued within two years or five years to account for older claims potentially being time-barred.  In Zepeda v. Intercontinental Hotels Group, Inc., No. 2018-CH-02140 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement provided each class member being eligible to receive a *pro rata* share of a settlement

fund that would amount to approximately $240 per person <u>before</u> deductions for administrative expenses, attorneys' fees and costs, and an incentive award. Here, Plaintiff's Counsel estimates that each Class Member will receive approximately $600.00 after attorneys' fees, costs, administrative expenses, and a service award to Plaintiff are deducted from the Settlement Fund. This result is fair, reasonable, and adequate and warrants Court approval.

     5.     *The Stage of the Proceedings and the Amount of Discovery Completed*

As discussed above, no formal discovery was performed in this action. However, at Plaintiff's request, Defendants produced important data and information so that Plaintiff's Counsel could adequately value the case. Thus, Class Counsel adequately developed the facts supporting Plaintiff's and Class Members' claims and potential defenses or issues so that an adequate value of the case could be ascertained.

    **C.**    **There is No Opposition to the Settlement**

Furthermore, the absence of any objections or opt-outs by Class Members is significant in determining whether the proposed settlement is reasonable to the class as a whole. <u>See</u> <u>Hispanics United of DuPage County v. Village of Addison, Illinois</u>, 988 F. Supp. 1130, 1166, 1169 (N.D. Ill. 1997) ("the court may approve a fair settlement over objections by some or even many Class Members"); <u>Mangone v. First USA Bank</u>, 206 F.R.D. 222, 226-27 (S.D. Ill. 2001) (same).

**Conclusion**

For the foregoing reasons, Plaintiff Amy Newton respectfully requests that the Court enter the Proposed Final Order and Judgment attached hereto as Exhibit 4.


Date:   December 18, 2023                Respectfully Submitted,

                                         By: */s/ Adam Florek*
                                         Brandon M. Wise
                                         Adam Florek
                                         **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
                                         One U.S. Bank Plaza, Suite 1950
                                         St. Louis, MO 63101
                                         314-833-4825
                                         bwise@peifferwolf.com
                                         aflorek@peifferwolf.com
                                         Firm ID: 62258

                                         **ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 18, 2023, I filed the foregoing document with the clerk of the Court using the CM/ECF, which should further distribute a true and accurate copy of the foregoing to all counsel of record.

                                                              */s/ Adam Florek*